UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TG CHILDS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 4:21-cv-203 |
| | ) |
| CONVERGENT OUTSOURCING, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT AND JURY DEMAND

### I.  INTRODUCTION

1. This is an action for actual and statutory damages, costs, and fees brought by Plaintiff TG CHILDS ("Plaintiff"), an individual consumer, against Defendant CONVERGENT OUTSOURCING, INC. ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692, *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Defendant violated 15 U.S.C § 1692e(8) by failing to communicate to consumer reporting agencies ("CRAs") that an alleged debt it reported to CRAs concerning Plaintiff was disputed by Plaintiff.

1

## II.   JURISDICTION AND VENUE

3. This is a civil action to enforce liability created under the FDCPA.

4. Jurisdiction is proper in this Court under 15 U.S.C § 1692k(d).

5. Jurisdiction is proper in this Court under 28 U.S.C 1331.

6. Defendants regularly transact business in Harris County, Texas.

7. Defendant has sufficient contacts in this judicial district that make it subject to the personal jurisdiction of this Court.

8. Defendant is an active corporation transacting business in the State of Texas.

9. Defendant's Secretary as listed with the Texas Office of the Comptroller is JAMES GATES.

10. Defendant's Treasurer as listed with the Texas Office of the Comptroller is JEFF HUNTER.

11. Defendant's Chief Executive Officer as listed with the Texas Office of the Comptroller is MIKE MEYER.

12. Defendant's Texas Taxpayer Number is 19108770124.

13. Defendant's Effective Texas Secretary of State Registration Date is 04/19/2001.

14. Defendant's Texas Secretary of State File Number 0013805406.

15. Venue is proper in this judicial district under 28 U.S.C. 1391(b)(1)

## III. PARTIES

16. Plaintiff is a natural person allegedly obligated to pay a debt.

17. Plaintiff is a "consumer" as defined under 15 U.S.C. §1692a(3).

18. Defendant uses instrumentalities of interstate commerce or the mails in their business with the principal purpose of the collection of debts.

19. Defendant regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another.

20. Defendant is a "debt collector" as defined under 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

21. On or about July 10, 2020, Plaintiff reviewed his credit report on Credit Karma®, which is a registered trademark of Credit Karma, LLC.

22. Credit Karma® offers consumers free credit scores, reports, and insights.

23. Plaintiff observed a trade line from Defendant on his consumer report.

24. Defendant furnished consumer reporting agencies a tradeline of an alleged $305 debt allegedly owed by Plaintiff to Cox Communications ("Alleged Debt").

25. Defendant furnished consumer reporting agencies the Alleged Debt tradeline imputing it to Plaintiff.

26. Also, on July 10, 2020, Plaintiff made a dispute of the Alleged Debt with Defendant via telephone.

27. However, on January 16, 2021, Plaintiff rechecked his consumer reports via Credit Karma and saw that the Alleged Debt was not marked disputed by Defendant in its CRA reporting of the tradeline.

28. Defendant communicated with one or more CRAs following notice of Plaintiff's dispute of the Alleged Debt, but failed to communicate to consumer reporting agencies that the Alleged Debt was disputed by Plaintiff when it thereafter communicated with CRAs.

29. Defendant's conduct described above has damaged and continues to severely damage Plaintiff's personal credit and reputation, and caused Plaintiff to suffer severe humiliation, emotional distress, and anguish.

## V.   FIRST CLAIM FOR RELIEF – VIOLATION OF 15 U.S.C. §1692e(8)

30. Plaintiff realleges and reincorporates allegations in paragraphs 1-29.

31. Defendant's alleged conduct described herein violated the FDCPA.

32. Defendant's FDCPA violations include, but are not limited to, violation of 15 U.S.C § 1692e(8) by failing to communicate to CRAs that Alleged Debt was disputed by Plaintiff when Defendant communicated with CRAs concerning Plaintiff following Defendant receiving actual notice of Plaintiff's dispute of the Alleged Debt.

33. As a result of Defendant's violation(s) of the FDCPA, Defendant is liable to the Plaintiff under 15 U.S.C. § 1692k(a) for actual damages, statutory damages, costs of this action, and attorney's fees.

## VI.  JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and that judgment be entered in favor of Plaintiff and against the Defendant for:

    a. Actual damages pursuant to 15 U.S.C 1692k(a)(1);

    b. Statutory damages of $1,000 pursuant to 15 U.S.C 1692k(a)(2);

    c. Costs of this action pursuant to 15 U.S.C 1692k(a)(3);

    d. Attorney's fees pursuant to 15 U.S.C 1692k(a)(3); and

    e. For such other and further relief as this Honorable Court may deem just and proper.

Date: January 21, 2021

Respectfully submitted,

/s/ Brian L. Ponder

Brian L. Ponder, Esq.
Attorney-in-Charge
New York Bar #: 5102751
Southern District of Texas Bar #: 2489894
BRIAN PONDER LLP
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 450-9461
Facsimile: (646) 607-9238
Email: brian@brianponder.com
ATTORNEY FOR PLAINTIFF